NUMBER 13-99-180-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



SANTIAGO GAYTAN MUNOZ , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 332nd District Court

 of Hidalgo County, Texas.

 ____________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Valdez and Dorsey and Kennedy(1)

 Opinion by Justice Kennedy

 

Appellant was charged in a three count indictment with indecency with a child. There are two children involved, and we
will refer to them as Child No. 1 and Child No. 2. 

Specifically, appellant was charged with, in the order in which they are alleged in the indictment, engaging in sexual
contact with Child No. 1 on January 14, 1998, engaging in sexual contact with Child No. 2 on December 31, 1992, and
engaging in sexual contact with Child No. 2 on December 31, 1995. The jury found appellant guilty of the first and third
alleged offenses and found him not guilty of count two. His punishment was assessed by the trial court at confinement for
eight years. 

Appellant's brief brings seven points of error. The first alleges the evidence is insufficient to prove count one because no
one testified that it was appellant who committed the offense. Specifically, the prosecution failed to request the usual
statement from the court that a witness had identified the person in court to be the person who committed the crime. 

The record shows that Child No. 2 identified appellant in the courtroom by what he was then wearing. She also stated that
he was her stepfather and that Child No. 1 was her sister. Child No. 2 referred to appellant as the person who had
committed the acts alleged on her. A Child Protective Services counselor, who testified to a conversation she had with
Child No. 1, said the child made reference to appellant as being her father. The combination of these portions of the state's
case serves to show that there was evidence that appellant was identified as the person who assaulted both children. 

The record shows that appellant did not raise this issue in the trial court. Therefore, we follow the court of criminal
appeals' ruling in Rohlfing v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981) which held: 

Absent any indication, prior to appeal, that the jury may have been misled by the in-court identification procedure, we will
not presume that some person other than appellant may have been identified and that the jury nonetheless chose willfully to
convict appellant without evidence that he was the sole perpetrator of this offense. 



We also note that in the case before us, as in Rohlfing, both jury verdicts read: "We, the jury, find the defendant, Santiago
Gaytan Munoz, guilty of the offense of indecency with a child as charged in the indictment." 

We overrule point of error number one. 

Points of error two through four involve the testimony of the mother of both children about statements made to her by
Child No. 1. Point two alleges that this is error because the statements are hearsay and are not permissible evidence under
the provisions of Article 38.072 of the Texas Code of Criminal Procedure(2) which states in pertinent part: 

Sec. 2. (a) This article applies only to statements that describe the alleged offense that: 



(1) were made by the child against whom the offense was allegedly committed; and 

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement
about the offense. 

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule
if: 

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement: 

(A) notifies the adverse party of its intentions to do so; 

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and 

(C) provides the adverse party with a written summary of the statement. 

Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2001). 

The mother was not designated as an outcry witness prior to trial as required by Article 38.072 of the Texas Code of
Criminal Procedure, quoted above. However, another witness, Kristin Bolomey, who is a counselor with Child Protective
Services, was so designated in a notice to appellant. Both witnesses testified to what Child No. 1 told them. Ms. Bolomey's
testimony was offered by the state as a statement made for the purpose of diagnosis and treatment pursuant to Rule 803 of
the Texas Rules of Evidence, and the court admitted it as such. 

The Fort Worth court ruled in Couchman v. State, 3 S.W.3d 155, 160-161 (Tex. App. - Fort Worth 1999, writ ref'd) as
follows: 

It is well-established that the improper admission of evidence does not constitute reversible error if the same facts are
proved by other properly admitted evidence. See Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986). 

Also: 

Thus, even if the trial court erred in allowing Bisoul to testify about A.T.'s out-of-court statement, we must disregard the
error because it could not have affected Couchman's substantial rights. See Tex. R. App. P. 44.2(b). 

Couchman, 3 S.W.3d at 160-61. 

The testimony of the mother and that of the counselor about what the child told them were virtually identical. We fail to
see how the state's mis-designation of the counselor as the outcry witness could have prejudiced appellant's preparation of
his defense in this case. We overrule point of error number two. 

Point of error five says: 

The trial court erred in permitting Veronica Ramos to testify as an outcry witness, because the child did not testify, there
was no showing that the child was competent or otherwise available to testify, and there was no showing and finding that
the use of the out of court statement in lieu of the child's testimony at trial was necessary to protect the welfare of [Child
No. 1], in violation of Article 38.072 of the Texas Code of Criminal Procedure.(3)

First, defense counsel conceded in the record that he understood the child who did not testify (Child No. 1) was available to
testify but that his client (appellant) did not want her to testify.(4) Once again, we apply the analysis provided in Rule 44.2
and find that the error here complained of, even if it was error, did not effect substantial rights of appellant. We overrule
point of error five. 

Points of error three and four allege that the error complained of in point two also violates appellant's constitutional rights
under the Constitution of the United States (point three)(5) and the State of Texas (point four).(6) In similar fashion, points
of error six and seven allege that the error complained of in point five also violates the recited portions of the U.S. and
Texas Constitutions. 

Rule 44.2(a) of the Texas Rules of Appellate Procedure(7) also states: 

(a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless
error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond
a reasonable doubt that the error did not contribute to the conviction or punishment. 

Rule 44.2(b) states: "Other errors. Any other error, defect, irregularity, or variants that does not affect substantial rights
must be disregarded."

Couchman, supra, also holds: 

Couchman complains that the alleged error is one of constitutional dimension that must be reviewed under Rule 44.2(a).
We disagree. Both the court of criminal appeals and this court have treated a violation of evidentiary rules that results in
the erroneous admission of evidence as a non-constitutional error. (emphasis in original). 

Id. at 160. 

As to all four of these points of error, we apply a Rule 44.2(b) harm analysis and conclude that the admissions of the
testimony of the non-designated witness does not reach constitutional dimension. Thus, we overrule points of error three,
four, five and six. We AFFIRM the judgment of the trial court. 

 

NOAH KENNEDY 

Retired Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this the 3rd day of May, 2001. 



 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Tex. Code Crim. P. art. 38.072 (Vernon Supp. 2001).

3. Tex. Code Crim. Proc. art. 38.072 (Vernon Supp. 2001). 

4. Appellant personally confirmed this to be his desire.

5. The Fifth, Sixth, and Fourteenth Amendments. 

6. Article 1, Sections 10 & 19.

7. Tex. R. App. P. 44.2(a).